# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

KIMBERLY ANDERSON,

        Plaintiff,

v.                                         CIVIL ACTION NO.   2:19-cv-00198

NATHANIAL BARKLEY, et al.,

        Defendants.

# ORDER

This action arises from Defendant Nathanial Barkley's ("Barkley") alleged sexual abuse of Plaintiff Kimberly Anderson ("Plaintiff") while she was an inmate at a facility operated by Defendant West Virginia Division of Corrections and Rehabilitation ("WVDCR"). (ECF No. 47.) Plaintiff served a set of discovery requests upon WVDCR on November 1, 2019. (ECF No. 44.) Before this Court is Plaintiff's motion to compel WVDCR to fully respond to several of those requests. (ECF No. 70.)

WVDCR objected to responding to Interrogatories Nos. 2 and 3 and Request for Production No. 6 on the basis that the information sought is irrelevant and protected from disclosure by West Virginia Code § 5A-8-21 and West Virginia Code of State Rules § 95-1-1, *et seq*. (ECF No. 70 at 2–3.) Interrogatory No. 2 requests that WVDCR provide discipline, training, and termination of employment information relating to Defendant James E. Jamison ("Jamison"). (*Id*. at 2.) Interrogatory No. 3 seeks the same information as to Defendant Devin M. Brown ("Brown"). (*Id*. at 3.) And Request for Production No. 6 seeks "the complete personnel file[s]" of Jamison, Brown, Defendant

Roberta M. Evans ("Evans"), Defendant Mark A. Goodman ("Goodman"), and Defendant Debra Minnix ("Minnix"). (*Id.*)

Plaintiff argues that § 5A-8-21, which shields from public disclosure certain personal information of individuals who are state employees, does not apply to the records that are the subject of the requests. (*Id.* at 5.) She further contends that although those records are considered confidential pursuant to West Virginia Code of State Rules § 95-1-4.17, they are nonetheless "discoverable in litigation subject to a protective order." (*Id.*) Finally, she asserts that the records are available without the need for a signed release from Jamison or Brown. (*Id.*)

WVDCR responds[1] that its Policy and Procedure Statement 3024, which gives effect to West Virginia Code of State Rules § 95-1-4, provides that its employees are prohibited from disclosing personnel records without the consent of the employee whose records are to be disclosed. (ECF No. 72 at 2–3; *see* ECF No. 72-1.) WVDCR also argues that employee personnel records should be protected from disclosure because they contain sensitive personal information. (ECF No. 72 at 4–5.) And it contends that the requested information is not relevant to Plaintiff's claims that Jamison and Brown failed to intervene to prevent Barkley's sexual abuse or to her supervisory liability and retaliation claims against Evans, Goodman, and Minnix. (*Id.* at 3–4.) Lastly, WVDCR argues that Plaintiff cannot obtain Jamison's records because this action is stayed as to him due to his deployment and he cannot execute a release for those records. (*Id.* at 6; *see* ECF No. 71.)

Plaintiff replies that Jamison's and Brown's personnel records are relevant to her claims in this action because "the personnel file should include information about their

---

1 Brown has joined in WVDCR's response in opposition to Plaintiff's motion to compel. (ECF No. 73.)

2

training, incident reports, discipline, and how their employment terminated." (ECF No. 75 at 4.) She contends that Evans's, Goodman's, and Minnix's personnel files will shed light on the facility's "supervisory culture," its "implementation of . . . protections for inmates against sexual assault, and the history of retaliation against inmates for reporting these types of allegations." (*Id*.) Plaintiff reiterates her arguments that West Virginia Code § 5A-8-21 "does not prevent disclosure of personnel records through discovery" and that West Virginia Code of State Rules § 95-1-4 "does not speak to disclosure in the circumstances of litigation." (*Id*. at 4–5.) Plaintiff also argues that the order staying the case as to Jamison "does not prevent Plaintiff from obtaining discovery from other defendants that relates to [Jamison's] employment with Defendant WVDCR." (*Id*. at 5–6.)

West Virginia Code § 5A-8-21 does not prohibit the disclosure of Defendants' personnel records. That statute provides that a state employee's home address, social security number, credit or debit card numbers, driver's license identification number, and marital status or maiden name are considered "personal and confidential" and may only be released to "non-governmental entities" if authorized by law. But Interrogatories Nos. 2 and 3 seek information about Jamison's and Brown's discipline and training. Clearly, WVDCR can provide the requested information without disclosing Jamison's or Brown's home addresses, social security numbers, credit or debit card numbers, driver's license identification numbers, and marital status.

And as it relates to Request for Production No. 6, § 5A-8-21 does not purport to altogether prohibit the disclosure of a state employee's personnel file. Rather, the statute suggests that if a document is subject to public disclosure, the enumerated items must be redacted before the document is released. More importantly, though, by its

3

express terms, § 5A-8-21 applies to "documents otherwise subject to disclosure under" West Virginia's Freedom of Information statutes, West Virginia Code § 29B-1-1, *et seq*. But "FOIA provisions are not controlling with regard to matters of confidentiality raised in the course of civil discovery." *Maclay v. Jones*, 542 S.E.2d 83, 89 (W. Va. 2000). As such, WVDCR has improperly objected to producing Defendants' personnel files on the basis that § 5A-8-21 shields them from disclosure.

Nor does West Virginia Code of State Rules § 95-1-4 prevent WVDCR from producing Defendants' employment records. First and foremost, it has been repealed for more than a year. 2019 W. Va. Laws ch. 166 (S.B. 240), § 64-12-3(e). And West Virginia Code § 31-20-9, which created the body responsible for promulgating West Virginia Code of State Rules § 95-1-4, has been repealed for even longer. 2018 W. Va. Laws ch. 107. Because of that, the continued effectiveness of Policy and Procedure Statement 3024—which gives § 95-1-4 as a source of authority—is at best questionable. (*See* ECF No. 72-1 at 1.) Further, this Court has previously permitted the disclosure of relevant sections of a correctional officer's personnel file in the face of the same objection. *Douty v. Rubenstein*, No. 2:13-cv-32832, 2015 WL 1541720, at *9–*10 (S.D.W. Va. Apr. 7, 2015). This suggests that, as Plaintiff argues (ECF No. 70 at 5; ECF No. 75 at 5), § 95-1-4 does not govern the disclosure of employee personnel files in civil litigation.

As to Interrogatories Nos. 2 and 3 and Request for Production No. 6 as it relates to Jamison and Brown, at least some of the information within their personnel files is relevant to Plaintiff's claims. Plaintiff avers that Jamison and Brown knew that Barkley was sexually assaulting Plaintiff in the facility's laundry storage room and unsuccessfully attempted to distract him so that he would stop doing so, yet they did not report his sexual abuse of Plaintiff to their supervisors, in violation of WVDCR policies. (ECF No. 47 at

7–8.) Clearly, information contained within Jamison's and Brown's personnel files about their training on the Prison Rape Elimination Act ("PREA") and policies related to prison sexual abuse or records concerning any discipline they received as a result of this incident or other similar incidents involving the alleged sexual abuse of an inmate—including related incident reports—during the period from April 1, 2015, to the present bears on whether Jamison and Brown acted with deliberate indifference to Plaintiff's constitutional right to be free from sexual abuse while incarcerated. Such information may further shed light on Evans's, Goodman's, and Minnix's response to and efforts to prevent the sexual abuse of inmates. As such, Plaintiff's motion to compel (ECF No. 70) is **GRANTED IN PART** as to Interrogatory No. 2, Interrogatory No. 3, and Request for Production No. 6 as it relates to Jamison[2] and Brown. WVDCR is **ORDERED** to supplement its responses to these requests as outlined in this Order within fourteen (14) days of the date of this Order.

With respect to Request for Production No. 6 as it relates to Evans, Goodman, and Minnix, Plaintiff has agreed to limit her request to their "personnel files . . . from . . . January 1, 2015, to the present, only relating to disciplinary action, incident reports, PREA training, and other communication, correspondence, or documentation relating to PREA situations, discipline of a subordinate relating to PREA-type allegations, or alleged retaliation against an inmate for reporting PREA-type allegations." (ECF No. 75 at 4.) This is a reasonable solution to WVDCR's objection that Plaintiff seeks "to obtain access to what in the cases of some defendants amounts to years' worth of voluminous documents that contain personal, private, and confidential information that have [sic]

---

2 As to WVDCR's argument that it should not be required to produce Jamison's personnel records because this case is stayed as to him (ECF No. 72 at 6; *see* ECF No. 71), the daybook minute entry from the hearing on the motion to stay indicates that the parties are permitted to pursue personnel files despite the stay (*see* ECF No. 82).

absolutely no bearing on the facts of this matter." (ECF No. 72 at 3.) Any information contained within Evans's, Goodman's, and Minnix's personnel records that relates to their training about prison sexual abuse and related policies, to their efforts to implement and comply with those policies, to any incident reports they received about sexual abuse and their resolution of those reports, including disciplinary measures taken against a subordinate or an inmate, or to any discipline they received as a result of an incident involving the sexual abuse of an inmate during the period from March 27, 2015, to the present bears on Plaintiff's allegations that Evans, Goodman, and Minnix acted with deliberate indifference in their response to and efforts to prevent the sexual abuse described in the complaint. As such, Plaintiff's motion to compel (ECF No. 70) is **GRANTED IN PART** as to Request for Production No. 6 as it relates to Evans, Goodman, and Minnix. WVDCR is **ORDERED** to supplement its responses to these requests as outlined in this Order within fourteen (14) days of the date of this Order.

In sum, Plaintiff's motion to compel (ECF No. 70) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. WVDCR is **ORDERED** to supplement its responses to the requests at issue within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 12, 2020

Dwane L. Tinsley
United States Magistrate Judge